IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROGELIO TATIS, et al.,<br><br>            Plaintiffs<br><br>                v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant | CIVIL NO. 06-1100 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant United States of America's motion for summary judgment (Nos. 6 and 7), as well as Plaintiffs' opposition thereto (No. 13). Plaintiffs Rogelio Tatis ("Tatis"), Angela Díaz ("Díaz") and their conjugal partnership brought suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sections 2671 *et seq.*, for damages incurred when Plaintiff Tatis was allegedly falsely arrested by two federal law enforcement agents and imprisoned for a period of time in excess of two months. Defendant argues that summary judgment is appropriate because Plaintiffs failed to exhaust administrative remedies before filing the instant complaint as is required by the FTCA. In a supplemental memorandum to its motion for summary judgment, Defendant United States further argues that Plaintiffs' complaint is time barred because the events that gave rise to Plaintiffs' cause of action occurred more than two years prior to the filing of the administrative claim. For the reasons

CIVIL NO. 06-1100 (JP)          -2-

stated herein, the Court **DENIES** Defendant's motion for summary judgment (**Nos. 6 and 7**).

I. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following are deemed uncontested facts by the Court as they were included in Defendants' motion for summary judgment, and were agreed upon, or were properly supported by evidence:

- A. On September 2, 2004, Plaintiffs' attorney Rafael Velázquez-Villares sent via certified mail to John Ashcroft, former Attorney General, Plaintiffs' administrative claim as required by the FTCA.
- B. In the first paragraph of the letter, it states that Plaintiff Tatis is a citizen of the Dominican Republic.
- C. In the second paragraph of the letter, Plaintiffs' counsel states that on January 3, 2003, Tatis was negligently arrested by United States law enforcement officers.
- D. Plaintiffs failed to identify by which federal agency the law enforcement officers were employed.
- E. In paragraph five of the letter, Plaintiffs' counsel states: "If your agency is not the pertinent agency to which this letter must be addressed, please circulate the same to the agency responsible for the facts herein stated."
- F. On September 30, 2004, Director Phyllis J. Pyles, Torts Branch, Civil Division, forwarded Plaintiffs'

CIVIL NO. 06-1100 (JP)          -3-

>    administrative claim to Víctor X. Cerda, Legal Advisor, Department of Homeland Security ("DHS").
> G.  Also on September 30, 2004, Kimberly P. Smith, Paralegal Specialist, Torts Branch, Civil Division, sent to Plaintiffs' attorney a letter informing him that the administrative claim had been forwarded, as required by 28 C.F.R. 14.2(b)(1), to DHS.
> H.  On July 28, 2005, Plaintiffs' administrative claim was denied by DHS.

## II.  **SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir. 1998).  Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. Id. at 248, 2509; Mack v. Great Atl. & Pac. Tea Co., Inc., 871 F.2d 179, 181

CIVIL NO. 06-1100 (JP)            -4-

(1st Cir. 1989).  A material issue is "genuine" if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor.  See Anderson, 477 U.S. at 248; Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 24 (1st Cir. 1983).

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The burden then shifts to the non-movant to show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial."  See First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).  The party opposing summary judgment may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through filing of supporting affidavits or otherwise, that there is a genuine issue for trial.  Id.; see also Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1992).  On issues where the non-movant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion.  Anderson, 477 U.S. at 256-57.

### III.  **ANALYSIS**

The FTCA waives the sovereign immunity of the United States to suits in tort.  The prerequisite for liability under the FTCA is a

CIVIL NO. 06-1100 (JP)              -5-

"negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b); see Santiago-Ramírez v. Secretary of Dep't of Defense, 984 F.2d 16, 17 (1st Cir. 1993).  However, unlike a suit against a private person, Congress has created an administrative procedure that claimants must follow and exhaust when suing the Government.  Santiago-Ramírez, 984 F.2d at 17.  This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed.  28 U.S.C. § 2675; Santiago-Ramírez v. Secretary of Dep't of Defense, 984 F.2d 16, 17.

In its motion and supplemental motion for summary judgment, Defendant United States argues that summary judgment is appropriate because Plaintiffs failed to exhaust their administrative remedies before filing their complaint as required by the FTCA.  Defendant further argues that Plaintiffs' complaint is time barred because the events that gave rise to Plaintiffs' cause of action occurred more than two years prior to the filing of the administrative claim.  The Court will examine these arguments in turn.

### A.   "**Appropriate Agency**" **Analysis**

The FTCA requires that in actions instituted against the United States for money damages, the claimant must first "present[] the

CIVIL NO. 06-1100 (JP)            -6-

claim to the appropriate Federal agency." 26 U.S.C. § 2675(a). It is uncontested that on September 2, 2004, Plaintiffs sent their claim via certified mail to John Ashcroft, former Attorney General, at the United States Department of Justice ("DOJ"). It is also uncontested that the claim stated, "If your agency is not the pertinent agency to which this letter must be addressed, please circulate the same to the agency responsible for the facts herein stated." Def.'s Mot. for Summ. J., Ex. I. Defendant argues that Plaintiffs failed to exhaust their administrative remedies because Plaintiffs delivered their claim to the DOJ, which was not the proper federal agency, and therefore did not fulfill the FTCA requirement of presenting a claim to the proper administrative agency. Defendant argues that based on recent discovery, it has determined that the United States Marshals were responsible for Plaintiff Tatis' arrest, and therefore Plaintiffs' administrative claim should have been filed with the United States Marshal Service ("USMS"). Defendant further argues that the DHS sent a letter to Plaintiffs requesting more information, most notably, by which federal agency the arresting officers were employed. Defendant also argues that Plaintiffs should have submitted information about both Tatis' arrest warrant which was issued by Middle District of Pennsylvania, and the criminal case which followed Tatis' arrest in that same District.

With reference to Defendant's additional requested information, Plaintiffs, in the form of a sworn statement from Plaintiffs'

CIVIL NO. 06-1100 (JP)          -7-

attorney, allege that Defendant's letter requesting information was never received. In reference to Defendant's argument that Plaintiffs filed their claim with the incorrect agency, Plaintiffs cite 28 C.F.R. Section 14.2(b), which states:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim. ***When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer***. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. § 14.2(b) (emphasis added). Defendant, as required by 28 C.F.R. Section 14.2(b), transferred Plaintiffs' claim from the DOJ to the DHS on September 24, 2004. Accordingly, Plaintiffs argue that the DOJ identified the DHS as the appropriate federal agency. If this was not the appropriate agency, the DHS was required to again transfer the claim to the appropriate agency. On July 28, 2005, Plaintiffs' administrative claim was denied by the DHS.

The Court first examines whether Defendant had enough information under Section 2675 to examine Plaintiffs' claim. In the context of Section 2675, the emphasis is on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim. Santiago-Ramírez v. Secretary of Dep't of Defense, 984 F.2d 16, 19 (1st Cir. 1993). The First

CIVIL NO. 06-1100 (JP)            -8-

Circuit has held that failure to mention the basis of any potential claim has meant that the agency did not have sufficient notice of the nature of the appellant's complaint against the agency. Id., citing Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992). In Kokaras, the First Circuit held that a letter stating the identity of appellant, the date of the incident, the location of the incident, the government agents involved, and the type of injury alleged provides sufficient information to allow the agency to investigate. Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992). Plaintiffs' letter to the DOJ states the name of the claimant, Rogelio Tatis. Def.'s Mot. for Summ. J., Ex. I. The letter also states the date of Tatis' arrest, January 3, 2003. Id. The letter states that Tatis was arrested by United States law enforcement officers. Id. The letter states the location of the arrest was Trujillo Street in the municipality of Guaynabo, Puerto Rico. Id. The "injury" alleged in the letter is Tatis' "negligent arrest" by the officers and his subsequent imprisonment of over two months. Id.

The Court holds that Plaintiff Tatis' letter provided the DOJ with sufficient notice of the nature of his complaint against it. The Court further holds that Plaintiffs' failure to more specifically identify the arresting officers did not fail their administrative claim. The purpose of the administrative claim presentment requirements in Section 2675(b) and the applicable regulations is to give notice to the government "sufficient to allow it to investigate

CIVIL NO. 06-1100 (JP)           -9-

the alleged negligent episode to determine if settlement would be in the best interests of all." <u>Corte-Real v. United States</u>, 949 F.2d 484, 486 (1st Cir. 1991); López v. United States, 758 F.2d 806, 809 (1st Cir. 1985); <u>see also</u> <u>Reilly v. United States</u>, 863 F.2d 149, 172 (1st Cir. 1988).  The requirements of Section 2675(b) "were not intended to put up a barrier of technicalities to defeat the claims of individuals wishing to sue the Government." <u>Corte-Real</u>, 949 F.2d at 486; citing <u>López</u>, 758 F.2d at 809 (internal quotations omitted).  Further, a material issue of genuine fact exists as to whether Plaintiffs' attorney received said letter from Defendant United States and was on notice that additional information was requested.  The Court next examines whether Defendant was required to transfer Plaintiffs' claim to the applicable agency.  The Court finds that under 28 C.F.R. Section 14.2(b)'s transfer regulation, if the DHS determined that it was not the appropriate agency, it was required to either forward Plaintiffs' claim to the correct agency, or return the claim to Plaintiffs.  The DHS chose to do the latter, and returned the claim to Plaintiffs in the form of an official denial of said claim. Specifically, the DHS' letter states that it serves as "notice that the claim has been considered and has been denied," and that if Tatis wishes to file suit against the United States to recover any alleged damages, he must do so "in the appropriate United States District Court no later than six months after the date of mailing of this

CIVIL NO. 06-1100 (JP)          -10-

letter." Def.'s Mot. for Summ. J., Ex. VI.  Accordingly, Plaintiffs were in receipt of a final denial from the DHS and exhausted administrative remedies.

**B.     Statute of Limitations Analysis**

The FTCA states that a tort claim against the United States will be barred unless (1) it is "presented in writing to the appropriate Federal agency within two years after such claim accrues," or (2) an action is begun within six months after the date of the mailing of the final denial of the claim by the agency to which it was presented. 26 U.S.C. § 2401(b).  Defendant United States argues that Plaintiffs' claims are time barred because the events giving rise to Plaintiffs' cause of action occurred on January 3, 2003.  The FTCA affords Plaintiffs two years to file an administrative claim, so said period elapsed on January 3, 2006.  Though Plaintiffs filed an administrative claim on September 2, 2004, Defendant argues that it was with the incorrect agency, the DOJ, and therefore the exhaustion requirement was not timely met.

The Court has examined relevant First Circuit cases, but the most applicable case here is a case before the United States Court of Appeals for the Seventh Circuit.  In <u>Greene v. United States of America</u>, 872 F.2d 236 (7th Cir. 1989), the plaintiff filed suit after falling down stairs in a building owned and maintained by the United States government.  She filed a claim for damages with the General Services Administration ("GSA") which was later denied. <u>Id.</u> at 236.

CIVIL NO. 06-1100 (JP)        -11-

Thereafter, the plaintiff initiated an action in the district court. Id. In its answer, the government alleged for the first time that the plaintiff had filed her claim with the inappropriate agency, as the building was under the jurisdiction of the Department of Labor rather than the GSA. Id. The government moved to dismiss her action because of her failure to file a timely claim with the appropriate federal agency. Id. The Seventh Circuit held that "a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency." Id. at 237. Accordingly, the court held that the plaintiff's claim was timely filed, albeit with the wrong agency, and because GSA failed to transfer or return the claim, her claim satisfied the FTCA administrative claim procedure. Id. The court determined that this reasoning was "thoroughly consistent with the intent of Congress" to be more fair and equitable in the treatment of private individuals when dealing with the United States government. Id., citing Bukala v. United States, 854 F.2d 201, 203 (7th Cir. 1988).

The circumstances of this case are very similar to those of Greene. In Defendant United States' supplemental motion for summary judgment, it states for the first time that Plaintiffs should have filed their claim with the USMS, the agency responsible for arresting Plaintiff Tatis, rather than the DOJ or the DHS. However, Plaintiffs were not so notified prior to their receipt of a final agency denial by the DHS on July 28, 2005. Thus, the Court holds that Plaintiffs'

CIVIL NO. 06-1100 (JP)          -12-

filing of a claim with the DOJ on September 2, 2004, qualifies as presentment of a claim under the FTCA and Greene, and is timely.  The Court's holding is consistent with the intention of Congress in creating the agency transfer requirement.  See 28 C.F.R. § 14.2(b).

**IV. CONCLUSION**

For the reasons stated herein, the Court **DENIES** summary judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of September, 2007.

                                              s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE